UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VIRGIL L. L.,[1]

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil No. 3:19-cv-1183-GCS[2]

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 27).

This Court affirmed the Commissioner's final decision denying Plaintiff's application for Supplemental Security Income ("SSI") Benefits on March 24, 2020. (Doc. 21). Plaintiff cites Fed. R. Civ. Proc. 60(b) in his motion, but the motion was filed within 28 days of the entry of judgment and it will therefore be considered under Rule 59(e). *See Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).

Altering or amending a judgment through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir.

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 12, 19.

2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(citation and internal quotations omitted).

Plaintiff first argues that the Court was incorrect about his age. His age is relevant to his claim that he should have been deemed disabled under the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. § Pt. 404, Subpart. P, App. 2. The relevant question is his age on the date of the ALJ's decision, not his age now. Plaintiff was born in December 1968, and the Court correctly stated that he was 49 years old on the date of the ALJ's decision, August 23, 2018. (Tr. 182). As the Court stated, at age 49, Plaintiff would not be deemed disabled under the Grids even if he were limited to sedentary work. He certainly would not be deemed disabled if he were limited to light work, as the ALJ found.

Plaintiff again argues, as he did in his brief, that the transcript of the first evidentiary hearing was incorrect. Plaintiff contends that Dr. Reid, an independent psychological expert, testified that Plaintiff should not be around people in any environment, but that statement does not appear in the transcript. This Court pointed out that the ALJ reasonably considered and rejected Plaintiff's assertion that Dr. Reid made that statement because the alleged statement would be inconsistent with the rest of Dr. Reid's testimony. Further, the ALJ reasonably concluded that she would have not accepted such an opinion even if Dr. Reid had expressed it because such a statement

would be inconsistent with the rest of the evidence, especially with Plaintiff's daily activities. (Tr. 407). Plaintiff's motion does not point out any error by the Court. He simply says that he would like an evidentiary hearing with an audio recording of Dr. Reid's testimony. However, this Court cannot re-weigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). This Court's role is limited to determining whether the ALJ's decision was supported by substantial evidence and whether any errors of law were made. *See Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Lastly, Plaintiff argues that the Defendant ignored his fourth and fifth points, and the Court only briefly considered them. Again, he does not point out any error by the Court. Plaintiff's fourth point was that he would be considered disabled under the Grids, which is simply incorrect as explained above. His fifth point was "this second hearing was faulty and cannot stand." (Doc. 18, p. 4). That point does not add anything beyond what the Court discussed in considering his other points. Plaintiff complains that his citation to "Martin v. Saul" was ignored. Presumably this is a reference to *Martin v. Saul*, 950 F.3d 369 (7th Cir. 2020). The plaintiff in that case was awarded benefits because she was deemed disabled under the Grids, but, unlike Plaintiff here, she was over the age of 55 at the relevant time and therefore was in the "advanced age" category. *Martin*, 950 F.3d at 376. Plaintiff has never explained how M*artin* applies to his case.

Plaintiff has not identified any error entitling him to relief under Rule 59(e). Therefore, Plaintiff's Motion for Reconsideration (Doc. 27) is **DENIED**.

Because the Motion was also entitled "Notice of Appeal," this Court docketed a Notice of Appeal to the Seventh Circuit. (Doc. 23). The Court directs Plaintiff's attention to the Seventh Circuit's order dated April 7, 2020, in Appeal No. 20-1564.

**SO ORDERED.**

**DATE: April 8, 2020.**

Digitally signed by Judge Sison
Date: 2020.04.08 15:00:19 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**